Good afternoon. Illinois Appellate Court, First District Court is now in session, the Sixth Division. The Honorable Justice Mary Mikva presiding, case number 1-9-1-3-7-8, People v. Jericho Hines. Good afternoon, counsel, and welcome to our Zoom Oral Argument. Before we start, just a couple of things. First, I'm gonna ask you each to state your name, spell it for the record, and let us know who you're arguing for, beginning with the appellant. Good afternoon, your honors. My name is Justin Beyer, B as in boy, E-Y-E-R. I'm arguing on behalf of the appellant Jericho Hines. Also present on the screen is Mr. John O'Malley, my co-counsel in this matter. Thank you. Excuse me. Daniel Pivovarczyk, on behalf of the people of the state of Illinois. Okay. And we have the spelling of your name on the screen. I won't make you spell it, it's fine. I apologize, your honor. That's all right. As you likely both know, you each have 20 minutes. Would the appellants like to save any of that time for rebuttal? Mr. Beyer. Yes, your honor, we'd like to reserve 10 minutes for rebuttal. Okay. All right. Whenever you are ready to begin, you may do so. Thank you, your honors. Good afternoon. My name is Justin Beyer, as I mentioned just a moment ago. With me today is my co-counsel, John O'Malley, and also the appellant Jericho Hines is in the public viewing room, but I do not believe on screen. Your honors, Mr. Hines is here today seeking to reverse his conviction on two counts of unlawful possession of a weapon for which he was sentenced to four years, including two years of mandatory supervisor relief in June of 2019. Your honor, two main bases exist for why Mr. Hines' conviction should be reversed. First, the state failed to represent, excuse me, to present evidence sufficient to support a finding beyond a reasonable doubt that Mr. Hines possessed weapons in his abode as required by statute and as set forth in the state's indictment. Second, the state failed to present evidence sufficient to support a finding beyond a reasonable doubt that Mr. Hines actually or constructively possessed weapons. Your honors, that issue is 720 ILCS 5 backslash 24-1.1a, which states in relevant part, it is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business, any weapon prohibited under section 24-1 of this act if the person has been convicted of a felony under the laws of this state or any other jurisdiction. Your honors, the state argues in the trial court held that it was unnecessary for the state to prove that Mr. Hines possessed weapons in his abode. This reading of the statute, however, your honors, it's our position, is not supported by either the statute or the rules of statutory construction, which guide this court in interpretation of that statute. Moreover, and very important, your honor, this holding seems directly at odds with the Illinois Supreme Court's decision this morning in People v. Wise, which indicated that location does matter. There, a defendant with a gun within five to 10 feet of his person in a vehicle that he was driving, who admittedly knew the gun was in the vehicle, was determined by the appellate court and affirmed by the state, excuse me, by the Supreme Court, that the gun was not on or about his person. Your honor, turning to principles of statutory construction for a moment, as the Illinois Supreme Court stated in People v. Clark, the most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. The court must view the statute as a whole, construing words and phrases and labels. Mr. Barrett, before you go on, I wanna go back. I believe you just cited a case that you say was just decided this morning by the Illinois Supreme Court. Is that what you're telling us? Yes, your honors. One of the cases decided by both the appellant and the state in this particular instance was a third district opinion, People v. Wise, which was handed down in 2019. Just this morning, the Illinois Supreme Court upheld that decision, finding in particularly important part that the state's construction of the statute, that the notion that on or about the person would mean anywhere within a vehicle was not supported by either the decision of the appellate court or for that matter, by the laws of the state of Illinois. Okay. Thank you. Obviously, nobody cited the Supreme Court case since it wasn't available. No, your honor, we did not. I think both sides have been actively looking for that decision over the last three plus months, but it just was handed down this morning. Thank you. Returning to People v. Clark for a moment and relevantly, quote, each word clause and sentence of a statute must be given a reasonable meaning if possible and should not be rendered superfluous. And also importantly, People v. Moore, a 1978 Illinois Supreme Court decision stated, quote, the clear language must be given effect. If any change is to be made, it must come from the legislature. Here, the state's position is that 14 words of this statute can just be ignored and rendered superfluous relying on dicta from a 1992 Illinois Supreme Court decision, People v. Gonzalez. In that particular case, however, and as actually the Supreme Court noted this morning in the Wise decision, there was no question about the location of the weapon in Mr. Gonzalez's possession. In that particular case, the police recovered it from Mr. Gonzalez's person. Instead, the Gonzalez decision focused more on a double enhancement argument about whether or not the defendant was being penalized twice for being a felon where the state was allegedly relying on the statute. But in discussing that statute, the People v. Gonzalez, the Supreme Court doesn't mention abode, land, or place of business. I'm gonna stop you for a minute. And I am at a disadvantage because I haven't seen what Wise said about Gonzalez, but I have read Gonzalez. And it seems to me that calling it dicta sort of, even though it wasn't about abode and it wasn't about location, the analysis, it was necessary to the court's conclusion to determine that abode didn't matter, that the location didn't matter. It wasn't just dicta, oh, and by the way, it was part of what the court relied on to reach its ultimate conclusion that the two statutes were different. So I'd like you to explain why you think it's dicta. Of course, Your Honor. Well, in and of itself, it's dicta because it was not part of the argument that was presented by either side of the, in either by the People or by Gonzalez. By its very nature, it's dicta. The question more to the point is whether that dicta should have any persuasive or requirement that the court follow it. I will disagree with you though, that I do not think that the court was focused on questions of abode, land, or a place of business. As we noted in our brief, none of those words actually appear in People v. Gonzalez. And as the Wise Court noted today, People v. Gonzalez wasn't focused on the questions about the individual in so much as in that particular case, the weapon was recovered from the defendant himself. So I don't know that I would agree with Your Honor that the court necessarily found that, but I think it's important. And I'm sure Your Honors will have an opportunity to review the Wise decision from this morning before rendering your ruling. But in that particular case, the court indicated that honor about his person necessarily has to implicate location. And so to the extent that Gonzalez has been cited by the People for the past 30 years for the notion that the statute does not require a location to be part of its consideration whatsoever, I don't believe that Wise continues to follow that. Now, I will state for the court that nowhere within the Wise decision do they expressly state that People v. Gonzalez is overruled. In fact, they essentially say that People v. Gonzalez did not reach the question that the Wise, that this particular court is being asked to reach, which is, is a weapon five to 10 feet away from a driver in a vehicle where no evidence was presented, that the driver had ever possessed the gun or ever had the gun in, had ever touched the gun or otherwise constituted honor about his person. And based on that decision, I think it's fairly clear that the Wise court has held that the Illinois, that it is a law of Illinois that the weapon must be, that part of the consideration of the court has to be location of the weapon, which is implicit in what we've been arguing all along. To that end, Your Honor, in this particular case, the indictment expressly stated that they intended to demonstrate that the defendant, Mr. Hines, was in possession of a weapon in his abode. They presented no evidence to that effect. They attempted to, but their attempts to demonstrate that Mr. Hines was tied to that location based on an electronic home monitoring system, proved to be ineffective. And the court disallowed the exhibits, allegedly evidencing that to come into evidence. Moreover, the state failed to produce any additional evidence to demonstrate that Mr. Hines lived at the address for which the search, at which the search was conducted. Unlike other cases cited by the state and throughout Illinois, no evidence was presented demonstrating rent receipts, utility bills, mail, a license or ID card identifying the address as his own. Photos of Mr. Hines were covered at the location. Mr. Hines' clothing, keys that tied him to the location. Put simply, the state failed to meet a vital part of its indictment, which was that the weapons were recovered in his abode. And on that basis alone, and I think based on the finding of the Wise Court today, the court should reverse the conviction and hold the trial court aired and find the state proved beyond a reasonable doubt, Mr. Hines was guilty of unlawful possession. Beyond that though, your honor, even if we set aside and even if we ignore the notion that Wise indicates that location matters, the state still failed to demonstrate that Mr. Hines was in actual or constructive possession of the weapons. I know the state makes the argument in their brief that Mr. Hines actually possessed the weapons, but I think that today's decision by the Illinois Supreme Court makes clear that actual means actual. It actually has to be on the person. And in reaching that decision, the Wise Court cited to a 1950s era Illinois Supreme Court decision list, which we cite in our brief, which identifies that in possession means to be actually in possession. So their argument really is not supported by either the facts or the law where the weapons were recovered behind a dresser inside of a pillowcase. The question then becomes, did the state prove constructive possession? And to demonstrate constructive possession, it was the state's burden to show beyond a reasonable doubt that the defendant had knowledge of the contraband, in this case, the weapons, and the defendant exercised, quote, immediate and exclusive control over the area where the weapons were found. Here, it is Mr. Hines's position that the state failed to prove immediate and exclusive control. And supporting that, Your Honor, are a series of cases throughout the state of Illinois, including this particular district's holding in People v. Walker, a 2020 decision rendered or issued by Judge Cunningham. And there, despite the defendant allegedly admitting that the ammunition found in the apartment was his, the court found that the state had failed to prove possession, where the only tie to the apartment was the defendant sleeping there. And the state failed to present any other evidence linking the defendant to the apartment. There's a host of other cases that we cite throughout our briefs, including People v. Blue, People v. Macias, People v. Fernandez, People v. Ray, People v. Mulder. Mr. Beyer, I'm gonna stop you again. If you really want to save 10 minutes for rebuttal, you're out of time. Okay. I'll let you modify that if you'd like, but if you really want 10 minutes for rebuttal, you need to wrap up your opening argument. Your Honor, I then would ask for eight minutes and I will wrap this up quickly. Okay. I do wanna refer Your Honors to the first district's decision in People v. Tate's though, where they wrote, and I quote, where there is no evidence that the defendant controls the premises, proof of mere presence, even combined with defendant's knowledge of the presence of narcotics, will not support a finding of constructive possession unless there's other circumstantial evidence of defendant's control over the contraband. Here, the officers testify that three other people were in the apartment at the time the warrant was executed, and there is literally no evidence otherwise tying Mr. Hines to this apartment. The state failed to meet its burden to demonstrate immediate and exclusive control. And at this time, we would ask Your Honors to reverse the state's, excuse me, reverse the trial court's holding and reverse Mr. Hines' conviction. The state failed to meet its burden in plain and simple, and his conviction should be reversed. Thank you. Thank you, counsel. Apelli, I'm not going to try to pronounce your last name. Dan Pibovarczyk on behalf of the people. May it please the court. I first want to just start out by saying that the people are also aware of the Wise decision this morning and completely disagree with everything opposing counsel has said about it. The bottom line of Wise is that it affirmed the reversal of the appellate court, but completely rejected all of the reasoning of the appellate court decision. That appellate court decision and the reasoning of it was at the core of opposing counsel's argument in his brief, but the Supreme Court, instead of following the third district in Wise, embraced this court's reasoning in Rangel and stated that the UUWF statute prohibits convicted felons from constructively possessing firearms. Bottom line, nothing else, no other requirements. I would direct this court, I know it's going to read the entire opinion, but paragraphs 38 and 39 make absolutely clear that there is absolutely no location requirement. But with that said, I want to start out by pointing out that this issue in this case is easily resolved because defendant repeatedly confessed to possessing the recovered firearms on his person. He admitted to receiving the guns from Little Harry, he admitted to putting the guns in a blue pillowcase, and he admitted to hiding the guns behind a dresser in the bedroom where the police found him. As he did each one of those things, he was in actual possession of the guns. He was holding them in his hands and they were without any doubt on his person. Moreover, the police found the guns exactly where the defendant said he put them. So your honors, this is the clearest of all possible violations of the UUWF statute, and this alone is more than sufficient evidence to support defendant's conviction for UUWF. And as opposing counsel has demonstrated this morning, he has no argument to the contrary on that point. Defendant's arguments only relate to other additional ways that he was proven guilty. And there are several, but make no mistake, defendant's conviction can be affirmed without ever reaching those arguments because of the simple fact that the defendant's confessions establish the clearest of all possible UUWF offenses. Is there any variance problem because the indictment specifically alleged that it was in his abode? No, your honor, for a couple of reasons. The first I would point out is opposing counsel in his reply brief explicitly rejected the notion that they were raising a fatal variance argument, but more importantly, the instructions, excuse me, the indictment in this case specifically alleged that the defendant was in his own abode. And the second thing I would point out is knowing possession. And that's what the elements are here. There's only two elements to UUWF, knowing possession and being a convicted felon. Possession can always be either actual or constructive. So knowing possession is the element, it's clearly in there, so there is no variance. I will say that there was that additional language in his own abode. That's surplusage, but keep in mind, that's surplusage that the people absolutely proved. The people presented a very significant amount of evidence showing that this was his abode. But just because that was included in the evidence and just because that was included in the indictment doesn't change what the essential elements are. And sometimes opposing counsel's brief seems to be implying that it's because the people included that language in their indictment that that somehow proof that it is an element, but the prosecution doesn't have the power to define the elements of an offense. That's what the Illinois Supreme Court can do, and that's what it did in Gonzales. So- So just so I'm clear, is your argument putting the, if abode were necessary to prove, is your argument that you did prove that it was his abode or is your argument that under Gonzales, that's just not necessary to show? Oh, just like in my brief, Your Honor, my first point is it's not necessary to prove. There is no location element, but as an alternative argument, and certainly in keeping with the evidence that the people presented at the trial level, there's ample circumstantial evidence that this was his residence. He was found by himself in one of the bedrooms of that apartment. He was laying on the bed when the police found him. He had an electronic home monitoring band secured to his ankle when the police found him. And when he was questioned, he told the police that little Harry had come by earlier and given him two guns to hold onto. Defendant told the police where he hid those guns in the bedroom where he was found and showed the police specifically where they were. Now, in his reply brief, opposing counsel does argue that the fact that little Harry came to the apartment to give him these guns was not circumstantial evidence that the apartment was his abode and because it only, quote, established that somebody knew where he could be found, unquote. But that's not simply put a convincing argument. It certainly didn't convince the trial court, which found that that was circumstantial evidence that the defendant controlled that premises. And that argument also just misunderstands circumstantial evidence because it's looking at the totality of the circumstances, not isolating each piece of circumstantial evidence and trying to come up with some other explanation for it. The bottom line here is that the fact that the defendant had that EM band on his ankle meant that he was on electronic home monitoring. And if he was on electronic home monitoring somewhere other than this apartment, then he would not have had the freedom to be able to be at that apartment, laying on the bed and accepting gun deliveries from little Harry. All the circumstantial evidence, when you view it in the light most favorable to the people, as it must be viewed in this particular issue, shows that any reasonable trier effect could have found that the apartment was the defendant's abode. But as I said before, that isn't necessary because the only two elements are a felony conviction and possession of a firearm. And this court has gotten that question right over and over again. In Rangel, in Jastrzemski, and recently in Walker, all cases cited by the people in their brief, this court has gotten that right. And in Wise, the Illinois Supreme Court agreed with the First District and explicitly followed Rangel and explicitly said that all constructed possession of firearms by felons is unlawful under the UUWF statute because honor about his person encompasses both actual possession and constructed possession. The whole problem with Wise was that it was saying that there was something more than constructed possession that was necessary. And that simply was rejected by the Illinois Supreme Court. And that makes sense because that's been the law for 30 years because Gonzalez did say that 30 years ago, the Illinois pattern instructions for UUWF did not include a requirement, has not included a requirement for location and it follows Gonzalez. And it's also important to keep in mind that the lack of a requirement of location in the UUWF statute also makes perfect sense because the policy behind that statute is to keep guns away from the people most likely to misuse them, convicted felons. So to suggest that somehow the statute was intended to only carve out several locations where they were prohibited from having them rather than a blanket ban just doesn't make sense. If there are no further questions for the reasons here stated, as well as those in our brief, the people would ask that you affirm the defendant's conviction and reject the defendant's arguments. Does anyone on the panel have any further questions for the state? No, thank you. All right, thank you, counsel. Rebuttal. Thank you, Your Honor. I'm gonna start my timer this time to make sure that I don't run long. And I appreciate Your Honor's opportunity to respond to the state's arguments. I'm going to try to focus in on some of the things that I think are most important from what the state said. Obviously we have a differing of opinion as to what the wiseholding indicated this morning. We will obviously defer to Your Honors after you've had an opportunity to read and review it. I noted that counsel indicated that the state disagreed with everything that we said. I don't think the state can disagree that the decision of the third to reverse the trial court's finding of a conviction occurred. And I don't think the state can disagree that People v. Wise, the Illinois Supreme Court's portion of that decision upheld. Now, we may disagree with the reasons, but we think that a proper reading of Wise requires a court to acknowledge the fact that on or about has some doctrinal requirement to determine location. And I know the state wants to argue that he actually possessed the weapons, but the Illinois Supreme Court's decisions make clear that actual possession requires it to be on the person. Constructive possession can be beyond that. Now, I see Your Honor looking quizzically at my statement, so I'll pause for a moment. All right. I mean, yes, it has to be on or about the person, but not necessarily at the moment you're arrested. So I think what counsel for the state is saying is he admitted that he had it in his hand, he put it behind the dresser, he had it on or about his person actually at some point, and there was evidence to that effect. Would that not be on or about his person? Yes, that's certainly true. And I think a reading of the Wise decision from this morning will also show that in that particular case, the defendant admitted he knew where the gun was, he admitted that he sat next to the gun, and by the point at which he was pulled over in the state of Illinois, the courts found that he no longer was actually or constructively in possession of the weapon. And so even if he was actually or constructively in possession of the weapon at one point in time, by the point at which he was arrested, he was no longer in actual or constructed possession. So the idea that Mr. Hines was actually or constructively in possession of the weapon when little Harry dropped them off and he allegedly said that he put them in a pillowcase and put them behind the dresser, that may be the case. But there is a point, and Wise makes clear that there is a point at which you can stop being in possession of a weapon. And I think all the facts here demonstrate that. He was not actually in possession of the weapon. He was never seen holding the weapon. Yes, he did identify where the weapons were for the police, but it was not a situation where the police had found them and then he admitted he put them there. The police allegedly asked him, where are these weapons? Is there any contraband in the home? And he immediately identified that these were in that location. And so this isn't a situation where the defendant hid the weapons from the police or attempted to discard them so the police would not see them or was found to be actually possessing them. If there was possession at any point in time, it certainly had ended by the point at which the officers had arrived there. And moreover, there's no evidence that this particular defendant ever sought to assert dominion over those weapons. The state's own testimony, the allegations about this alleged confession that he made was these weapons were Little Harry's. He dropped them off. I put them here. They're still there. There's no evidence that they presented that he then exerted immediate and exclusive control of the weapons. And that's what's necessary to demonstrate the idea, the concept of constructive possession. Yes, he was found in a room lying on a bed, but those similar facts have been rejected by this court in prior decisions. One of the decisions of which we cited in our brief, and I apologize, I don't have the name of that case at my ready fingertips. But in that particular case, the individual was found next to a bed, in his shorts, about to put on clothing, and the court found that that did not demonstrate immediate and exclusive control of the premises and the state failed to meet its burden to demonstrate that there was anything else tying the defendant to that particular location. And the same is true here. The state wants to say, okay, well, we proved he was on electronic home monitoring. No, they didn't. They demonstrated that they witnessed an ankle, excuse me, a band on his ankle. They did nothing more to tie him to that location. They did not. They did not find a home base for the electronic monitoring. They did not establish that what the parameters were of Mr. Hines' monitoring program to the extent that he was on it. They did not establish that the monitor was live. All they established is that someone saw it on him. It was the state's burden to demonstrate otherwise, and they grossly failed to do so. Now, the notion that he accepted the weapons, well, courts repeatedly have held that presence in the location of contraband is not sufficient to establish immediate and exclusive control of the premises. They want to cite specifically to the notion that he was there, but this has been rejected repeatedly. I think a perfect example is Fernandez, a case where the court overturned a conviction on UUWF charges where the defendant's passport, insurance cards, photos of the defendant, and the defendant actually being in the premises when the warrant was executed were all found to be insufficient to demonstrate exclusive control of the premises. Here, the state has even less evidence to that effect. Your Honor also asked a question about a variance, and I think the state stated that we waive that issue, and I would disagree wholeheartedly with the notion that we did not believe that a variance had occurred. We believe that the state may be seeking a variance, but the reality is a variance has to demonstrate that it's not material and was not prejudicial to the defendant. Here, the defendant's entire defense was premised on demonstrating the state had failed to prove that this was his abode. It was literally one of the public defender's first comments in her closing arguments that the state had alleged it was an abode and they'd failed to prove so. That is prejudice in and of itself. It is not an immaterial inclusion. The state chose that language. The state had the opportunity to amend its indictment at any time to say honor about his person or however they wanted to approach this, but they said in his abode, and they failed to present evidence demonstrating that. Your Honor, I wanna quickly wrap up by saying that the statute is intended to prevent felons from possessing weapons. And in this particular case, Mr. Hines may have possessed it at one point, but upon entry of the police in the premises, he identified where the weapons were, he told them where they were. According to the state, he led them to where they were. This is not a situation where a defendant has taken dominion and possession of a firearm with intent to use it against the public. It simply isn't. And so we would ask your honors to reverse Mr. Hines' conviction. Thank you. Thank you both counsel. And I'd like to thank you specifically, Mr. Byer and your law firm for participating in the program, which is helping the court deal with the serious backlog of all these criminal cases. So thank you very much for your participation and help in this. We will take this matter under advisement and you will hear from us shortly.